IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------- x
In re:                                : Chapter 11
                                      : Case No. 07-11047 (CSS)
AMERICAN HOME                         : (Jointly Administered)
MORTGAGE INVESTMENT CORP., et al.,    :
                                      :
                 Debtors.             :
                                      :
                                      :
------------------------------------- x
AMERICAN HOME MORTGAGE                : Adversary Proceeding
INVESTMENT CORP.,                     : Case No. 07-51739 (CSS)
                                      :
                 Plaintiff,           :
                                      :
       v.                             :
                                      :
LEHMAN BROTHERS INC. and LEHMAN       :
COMMERCIAL PAPER INC.,                :
                                      :
                 Defendants.          :
------------------------------------- x
```

DESIGNATION OF APPELLANT AMERICAN HOME MORTGAGE
INVESTMENT CORPORATION, PURSUANT TO FED. R. BANKR. P. 8006,
OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND
STATEMENT OF ISSUES ON APPEAL WITH RESPECT TO APPEAL
FROM (I) ORDER DISMISSING IN PART WITH PREJUDICE AND IN PART
WITHOUT PREJUDICE COMPLAINT AGAINST LEHMAN BROTHERS INC. AND
LEHMAN COMMERCIAL PAPER INC. AND (II) ORDER GRANTING MOTION TO
ALTER AND AMEND ORDER DISMISSING COMPLAINT

Appellant, American Home Mortgage Investment Corp., hereby submits, pursuant to Bankruptcy Rule 8006, this designation of items to be included in the record on appeal regarding the Notice of Appeal [Docket No. 35] from (i) the Order Dismissing in Part With Prejudice and in Part Without Prejudice the Complaint Against Lehman Brothers Inc. and Lehman Commercial Paper Inc [Docket No. 24], dated May 23, 2008, (ii) the Court's

Memorandum Opinion dated May 23, 2008 incorporated into the May 23 Order [Docket No. 23], also dated May 23, 2008 and (iii) the Order Granting Motion, Pursuant to Federal Rules of Bankruptcy Procedure 7052 and 11 U.S.C. § 105(a), to Alter and Amend May 23 Order [Docket No. 34], dated June 30, 2008.

## I. DESIGNATION OF ITEMS FOR RECORD ON APPEAL

| Docket No. | Description |
| --- | --- |
| Docket No. 1[1] | Complaint By American Home Mortgage Investment Corp. Against Lehman Brothers Inc. And Lehman Commercial Paper Inc., Dated October 24, 2007 |
| Docket No. 2 | Summons And Notice Of Pretrial Conference Served On Defendants Lehman Brothers, Inc., Lehman Commercial Paper Inc., Entered October 25, 2007 |
| Docket No. 5 | Motion To Partially Dismiss With Prejudice The Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6) And Federal Rule Of Bankruptcy Procedure 7012(B) Filed By Lehman Brothers Inc. And Lehman Commercial Paper Inc., Dated November 26, 2007 |
| Docket No. 6 | Opening Brief In Support Of Motion To Partially Dismiss With Prejudice The Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6) And Federal Rule Of Bankruptcy Procedure 7012(B) Filed By Lehman Brothers Inc. And Lehman Commercial Paper Inc., Dated November 26, 2007 |

---

[1] Unless otherwise indicated, references to "Docket No." refer to the docket in the above-captioned adversary proceeding (Adversary Proceeding Number 07-51739 (CSS)).

| Docket No. | Description |
| --- | --- |
| Docket No. 7 | Affidavit Of Robert J. Rosenberg In Support Of Motion To Partially Dismiss With Prejudice The Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6) And Federal Rule Of Bankruptcy Procedure 7012(B) Filed By Lehman Brothers Inc. And Lehman Commercial Paper Inc., Dated November 26, 2007 |
| Docket No. 16 | Answering Brief Of Plaintiff American Home Mortgage Investment Corporation In Opposition To Motion Of Lehman Brothers, Inc. And Lehman Commercial Brothers Commercial Paper, Inc. To Partially Dismiss With Prejudice Plaintiff's Complaint, Dated December 10, 2007 |
| Docket No. 18 | Defendant's Response In Support Of Their Motion To Partially Dismiss With Prejudice Plaintiff's Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6) And Federal Rule Of Bankruptcy Procedure 7012(B), Dated December 17, 2007 |
| Docket No. 19 | Affidavit Of Robert J. Rosenberg In Support Of Lehman's Response In Support Of Motion To Partially Dismiss With Prejudice Plaintiff's Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6) And Federal Rule Of Bankruptcy Procedure 7012(B), Dated December 17, 2007 |
| Docket No. 20 | Request For Oral Argument Filed By Lehman, Dated December 19, 2007 |
| Docket No. 21 | Notice Of Completion Of Briefing Filed By Lehman, Dated December 26, 2007 |
| Docket No. 22 | Minutes Of Hearing Held On: 03/13/2008, Filed On March 13, 2008 |
| Docket No. 23 | Memorandum Opinion Granting Motion To Dismiss, Dated May 23, 2008 |
| Docket No. 24 | Order Dismissing In Part With Prejudice And In Part Without Prejudice The Complaint Against Lehman, Dated May 23, 2008 |

| Docket No. | Description |
|---|---|
| Docket No. 25 | Stipulation For An Extension Of Time To Answer, Move Or Otherwise Respond To Complaint Between Lehman Brothers, Inc. And Lehman Commercial Paper, Inc., And American Home Mortgage Investment Corporation, Dated June 2, 2008 |
| Docket No. 26 | Motion Of American Home Mortgage Investment Corporation, Pursuant To Federal Rules Of Bankruptcy Procedure 7052 And 9023 And 11 U.S.C. Section 105 (A), To Alter And Amend May 23 Order, Dated June 2, 2008 |
| Docket No. 27 | Opening Brief Of American Home Mortgage Investment, Inc. In Support Of Its Motion, Pursuant To Federal Rules Of Bankruptcy Procedure 7052 And 9023 And 11 U.S.C. Section 105 (A), To Alter And Amend May 23 Order, Dated June 2, 2008 |
| Docket No. 28 | Order Approving Stipulation For An Extension Of Time To Answer, Move Or Otherwise Respond To Complaint, Dated June 3, 2008 |
| Docket No. 31 | Objection To Motion Pursuant To Federal Rules Of Bankruptcy Procedure 7052 And 9023 And 11 U.S.C. Section 105 (A), To Alter And Amend May 23 Order, Dated June 16, 2008 |
| Docket No. 32 | Reply Brief In Further Support Of Motion Pursuant To Federal Rules Of Bankruptcy Procedure 7052 And 9023 And 11 U.S.C. Section 105 (A), To Alter And Amend May 23 Order, Dated June 23, 2008 |
| Docket No. 33 | Notice Of Completion Of Briefing Regarding Motion To Amend, Dated June 30, 2008 |
| Docket No. 34 | Order Granting Motion To Amend, Dated June 30, 2008 |
| Docket No. 36 | Notice Of Appeal From (I) Order Dismissing In Part With Prejudice And In Part Without Prejudice The Complaint Against Lehman Brothers Inc. And Lehman Commercial Paper Inc. And (II) Order Granting Motion To Alter And Amend Order Dismissing Complaint, Dated July 10, 2008 |

| Docket No. | Description |
|---|---|
| Docket No. 38 | Motion For Request For Certification Of Direct Appeal To Circuit Court Pursuant To 11 U.S.C. Section 105(A), 28 U.S.C. Section 158(D)(2) And Fed. R. Bankr. P. 8001(F), Regarding Order Dismissing In Part With Prejudice And In Part Without Prejudice Complaint Against Lehman Brothers Inc. And Lehman Commercial Paper Inc., Dated July 10, 2008 |
| Docket No. 41 | Motion For Extension Of Response Deadline, Pursuant To Federal Rules Of Bankruptcy Procedures 8001(f)(3)(D) and 9006(b)(1) And Delaware Bankruptcy Local Rule 9006-2 Regarding Request Of American Home Mortgage Investment Corporation For Certification Of Direct Appeal To The United State Court Of Appeals For The Third Circuit, Dated July 17, 2008 |
| Docket No. 42 | Order Denying Motion To Extend Time, Dated July 18, 2008 |
| Docket No. 43 | Stipulation and Consent Order Among American Home Mortgage Investment Corporation and Lehman Brothers, Inc. and Lehman Commercial Paper, Pursuant to 11 U.S.C. Section 105(a) And Fed. R. Bankr. P. 8006 and 9006(b)(1), Extending Deadlines (I) For American Home To File Designation Of Items To Be Included In Record On Appeal And Statement Of Issues On Appeal and (II) For Lehman To File Response To Certification Request, Dated July 18, 2008 |
| Docket No. 44 | Stipulation and Signed Consent Order Among American Home Mortgage Investment Corporation and Lehman Brothers, Inc. and Lehman Commercial Paper, Pursuant to 11 U.S.C. Section 105(a) And Fed. R. Bankr. P. 8006 and 9006(b)(1), Extending Deadlines (I) For American Home To File Designation Of Items To Be Included In Record On Appeal And Statement Of Issues On Appeal and (II) For Lehman To File Response To Certification Request, Dated July 21, 2008 |
| Docket No. 3329 in Case No. 07-11047 (CSS) | Transcript Of The Hearing Held On March 13, 2008 Before The Honorable Christopher Sontchi (The "Transcript") |

| Docket No. | Description |
|---|---|
| | All documents, exhibits, attachments, and supplements to each item designated herein and in other designations filed in the appeal. |

## II. STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in finding that restrictions or standards do not apply to Lehman Brothers, Inc. and Lehman Commercial Paper, Inc. ("Lehman") with respect to the Master Repurchase Agreement, dated November 4, 2003 (the "MRA") among Lehman and American Home Investment Corp. ("AHMIC") in Lehman's performance under the MRA, including, without limitation, standards appearing the text of the MRA, implied covenants of good faith and fair dealing, obligations to act in good faith, and/or standards under New York's adoption of the Uniform Commercial Code (the "UCC") (including commercial reasonableness standards thereunder).

2. Whether the Bankruptcy Court erred in finding that restrictions or standards do not apply to Lehman -- including, without limitation, standards or restrictions (a) appearing in the text of the MRA requiring commercial reasonableness, (b) arising under an implied covenant of good faith and fair dealing, and/or (c) arising under the UCC (e.g., standards of commercial reasonableness thereunder) -- in exercising remedies under the MRA, including, without limitation, in its termination of the MRA and/or its foreclosure and liquidation of the

securities it purchased under the MRA (hereinafter, the "AHMIC-Owned Notes").

3. Whether the Bankruptcy Court erred in finding neither (a) an alleged breach of the implied covenant of good faith and fair dealing nor (b) the failure to comply with the standards of commercial reasonableness under the UCC with respect to the MRA stated claims claim upon which relief can be granted.

4. Whether the Bankruptcy Court erred in finding an alleged breach of the MRA, including a breach of the provision in the MRA requiring that Lehman liquidate the AHMIC-Owned Notes following an event of default in a commercially reasonable manner, a breach in the implied covenant of goof faith and fair dealing, and/or a breach of standards of commercial reasonableness under the UCC, failed to state a claim upon which relief can be granted.

5. Whether the Bankruptcy Court erred in finding AHMIC failed to state a claim upon which relief can be granted for Lehman's breach of the MRA because the MRA allegedly terminated by virtue of AHMIC's bankruptcy filing.

6. Whether the Bankruptcy Court erred in finding AHMIC failed to state a claim upon which relief can be granted for recovery of its residual interest in the AHMIC-Owned Notes (after repaying amounts AHMIC owed under the MRA), whether under section 559 of the Bankruptcy Code or otherwise.

7. Whether the Bankruptcy Court erred in finding the <u>ipso facto</u> termination of the MRA extinguished any residual interest AHMIC had in the AHMIC-Owned Notes.

8. Whether the Bankruptcy Court erred in finding that under the Bankruptcy Code safe harbor provisions, including sections 555 and 559 of the Bankruptcy Code, following the occurrence of an <u>ipso facto</u> termination of the MRA, there are no standards that apply to Lehman in terminating the MRA, foreclosing against the AHMIC-Owned Notes, liquidating the AHMIC-Owned Notes, or otherwise exercising remedies, including a requirement to comply with contract provisions, the implied covenant of good faith and fair dealing, and/or the UCC.

9. Whether the Bankruptcy Court erred in finding AHMIC failed to state a claim upon which relief can be granted against Lehman for allegedly foreclosing on and liquidating the AHMIC-Owned Notes and/or selling them to a Lehman affiliate at an artificially depressed valuation and/or a valuation designed to extinguish AHMIC's residual interest in the AHMIC-Owned Notes.

10. Whether the Bankruptcy Court erred in failing to find AHMIC's residual interest in the AHMIC-Owned Notes constitutes property of AHMIC's bankruptcy estate pursuant to sections 541 and 559 of the Bankruptcy Code that is subject to turnover.

11. Whether the Bankruptcy Court erred in finding that AHMIC failed to state a claim upon which relief can be granted for conversion by alleging Lehman interfered with AHMIC's rights to possess the AHMIC-Owned Notes.

12. Whether the Bankruptcy Court erred in finding that AHMIC failed to state a claim upon which relief can be granted by alleging Lehman was unjustly enriched by terminating the MRA and liquidating the AHMIC-Owned Notes, including, without limitation, unjustly enriched by any appreciation in the value of the AHMIC-Owned Notes and/or by AHMIC's residual interests therein.

13. Whether the Bankruptcy Court erred in finding that the MRA constitutes either a "repurchase agreement" or "securities contract" under section 101(47) and section 741(7), respectively, of the Bankruptcy Code.

14. Whether the Bankruptcy Court erred in finding that Lehman constitutes a "financial participant" or "stock broker" under section 101(22(A)) and section 101(53(A)), respectively, of the Bankruptcy Code.

15. Whether the Bankruptcy Court erred in finding that the securities sold and purchased under the MRA constitute either "interests in mortgage loans" or "mortgage related securities" in the "repurchase agreement" definition found in section 101(47) of the Bankruptcy Code.

16. Whether the Bankruptcy Court erred in finding that Lehman Brothers, Inc. was the sole counterparty to the MRA.

17. Whether the Bankruptcy Court erred in the granting the Motion to Dismiss.

18. Whether the Bankruptcy Court erred in dismissing the first count of the Complaint.

19. Whether the Bankruptcy Court erred in dismissing the second count of the Complaint.

20. Whether the Bankruptcy Court erred in dismissing the third count of the Complaint.

21. Whether the Bankruptcy Court erred in dismissing the fourth count of the Complaint.

22. Whether the Bankruptcy Court erred in dismissing the first four sub-counts of the fifth count of the Complaint.

23. Whether the Bankruptcy Court erred in dismissing any and all counts or portions of the Complaint.

24. Whether the Bankruptcy Court erred in finding AHMIC failed to state claims upon which relief can be granted with respect to the facts alleged in the Complaint.

25. Whether the bankruptcy court erred in finding AHMIC failed to state a claim or claims upon which relief can be granted.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

AHMIC expressly reserves any and all rights to amend the Statement of Issues on Appeal set forth herein and the Designation of Items for Record on Appeal, including, without limitation, to identify and include additional issues and items for inclusion in the record.


Dated:   August 1, 2007
         Wilmington, Delaware

                        YOUNG CONAWAY
                        STARGATT & TAYLOR, LLP

                        */s/ John T. Dorsey*
                        John T. Dorsey, Esq.
                        Erin Edwards, Esq.
                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, DE 19801
                        Telephone: (302) 571-6600
                        Telecopy:  (302) 571-1253

                        -and-

                        QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
                        Susheel Kirpalani, Esq.
                        James C. Tecce, Esq.
                        Robert K. Dakis, Esq.
                        Quinn Emanuel Urquhart Oliver & Hedges, LLP
                        51 Madison Avenue, 22nd Floor
                        New York, NY 10010
                        Telephone: (212) 849-7000
                        Telecopy:  (212) 849-7100

                        Co-Counsel to Appellant American Home Investment Corp.